## UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**THOMAS H. BENTON** and
**NANCY C. BENTON,**                                    Chapter 7
    Debtors                                       Case No. 16-11385-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**EASTERN BANK,**
    Plaintiff
v.                                                     Adv. P. No. 16-1101
**THOMAS H. BENTON** and
**NANCY C. BENTON,**
    Defendants

**DAVID B. MADOFF,** Chapter 7 Trustee
    Plaintiff in Counterclaim
v.
**EASTERN BANK,**
    Defendant in Counterclaim

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

The matters before the Court are Cross-Motions for Summary Judgment filed by

David B. Madoff, the Chapter 7 Trustee and Plaintiff in Counterclaim (the "Trustee") and

Eastern Bank (the "Bank"), Plaintiff, and Defendant in Counterclaim.[1]  In addition to the

Chapter 7 Trustee, in its Complaint, the Bank named Seterus, Inc. and The Cooperative

Bank of Cape Cod as parties in interest.

> The Bank filed a two-count Complaint for the following purpose:
>
> [T]o correct the metes and bounds description in the mortgage granted by Debtors . . . in favor . . . [of the] Bank. The metes and bounds description incorrectly describes the real property commonly referred to 15 Oak Neck Road, Unit No. 2, Hyannis, MA. The metes and bounds description should be consistent with the mortgage reference to the Debtors' homestead, the real property commonly referred to as 75 Old [sic] Homestead Drive, Marston [sic] Mills, MA.

Specifically, the Bank sought reformation of the mortgage on the property located at 75

Olde Homestead Drive, Marstons Mills, Massachusetts (the "Marstons Mills Property")

and a declaratory judgment that the mortgage on the Marstons Mills Property would be

reformed "effective December 8, 2015, to grant Eastern Bank a security interest in the

Marston [sic] Mills Property as more fully described in the Registry in the Quitclaim Deed

(Book 5893, Page 194) and Exhibit A to the Cape Cod Bank Mortgage [sic] (Book 22198,

Page 11)."

Although the Bank did not formally serve the Trustee with the summons and

Complaint, the Trustee filed an Answer, and a two-count Counterclaim.  Pursuant to his

Counterclaim, the Trustee seeks to avoid the mortgage held by the Bank with respect to

---

[1] The Court has used the caption fashioned by the Bank.  The Bank named the Debtors as Defendants and the Chapter 7 Trustee as a party in interest.  The Trustee did not formally intervene as a defendant, but such a motion would have been superfluous because, as the estate representative, the Bank should have named the Chapter 7 Trustee as a defendant, not the Debtors, as defendants.  *See* 11 U.S.C. § 323.

the Marstons Mills Property pursuant to 11 U.S.C. § 544(a)(3) and to preserve the mortgage for the benefit of the bankruptcy estate pursuant 11 U.S.C. § 551. Specifically, he alleges that the Bank's mortgage deed contains a material defect and fails to provide constructive notice of the mortgage on the Marstons Mills Property to a bona fide purchaser for value because the metes and bounds description in the Bank's mortgage references the Debtors' property located at 15 Oak Neck Road, Unit 2, Hyannis, Massachusetts (the "Hyannis Condominium") instead of the Marstons Mills Property.

The Bank initially filed a Motion to Dismiss the Trustee's Counterclaim, which the Trustee opposed. The Court heard that motion on October 14, 2016. At the hearing, the Court directed the parties to file motions for summary judgment as they agreed that the material facts necessary to resolve the issues of reformation or avoidance were not in dispute.

The issue presented is whether the mortgage granted by the Debtors to the Bank on the Marstons Mills Property may be avoided by the Trustee because it contains the correct street address for that property but legally describes the Hyannis Condominium in an attached Exhibit A. The issue, according to the Bank, is "whether a patent ambiguity [in the Marstons Mills Property] between the granting clause and metes and bounds description on the face of a legally recorded mortgage provides a Chapter 7 Trustee with constructive notice as to both properties under 11 U.S.C. § 544(a)(3)."[2] A subsidiary issue,

---

[2] According to a leading treatise,

> A patent ambiguity in the description of land in a deed or mortgage is such an uncertainty appearing on the face of the instrument that the court,

if the answer is "no," is whether the Bank is entitled to retain its mortgage interest as to the Hyannis Condominium because there is no dispute it is adequately described by metes and bounds in the mortgage.

## II. FACTS

On April 15, 2016, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed by the United States trustee on April 18, 2016.  On Schedule A/B: Property, the Debtors listed an ownership interest in the Marstons Mills Property, which serves as their residence, pursuant to a deed recorded in the Barnstable County Registry of Deeds, Book 5893, Page 194, as well as an ownership interest in the Hyannis Condominium pursuant to a deed recorded in Book 16527, Page 302.[3]  According to the Debtors in their Schedules, which were filed with the Bankruptcy

---

reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to derive therefrom the intention of the parties as to what land was to be conveyed. This type of ambiguity cannot be removed by parol evidence, since that would necessitate inserting new language into the instrument, which under the parol-evidence rule is not permitted.

Admissibility of Parol Evidence to Explain Ambiguity in Description of Land in Deed or Mortgage, 68 A.L.R. 4 (originally published in 1930).  *See also* Storer v. Freeman, 6 Mass. 435 (1810).

[3] The Debtors' acquisition of Marstons Mills Property and the Hyannis Condominium is undisputed and set forth by the Bank in its Complaint. The Court summarizes the background as follows:

On August 20, 1987, Debtors obtained title to the Marstons Mills Property by virtue of a quitclaim deed from Brian T. Dacey, Trustee of the Homestead Development Trust, recorded in the Barnstable County Registry of Deeds in Book 5893, Page 194.  On March 7, 2003, the Debtors obtained title to the real property commonly referred to as 15 Oak Neck

Court on April 15, 2016 together with their petition, the Marstons Mills Property had a value of $399,400, and was subject to a mortgage held by The Cooperative Bank of Cape Cod in the amount of $250,000, which, upon the information and belief of the Trustee, was recorded with the Barnstable County Registry of Deeds on July 19, 2007.  The Debtors listed the Bank, Bank of America, and Seterus, Inc. as holders of claims secured or partially secured by the Hyannis Condominium.  The Debtors claimed a homestead exemption in the Marstons Mills Property in the sum of $149,400 pursuant to Mass. Gen. Laws ch. 188, § 3.[4]

---

Road, Unit No. 2, Hyannis, Massachusetts by virtue of a quitclaim deed from Elizabeth A. Lynch, under Decree of Conservatorship of Lucinda B. Sullivan recorded in the Registry in Book 16527, Page 302.  The same day, on March 7, 2003, Debtors granted a mortgage encumbering the Hyannis Property to Country Wide Home Loans, Inc. to secure payment of a promissory note of even date in the original amount of $101,600 recorded in the Registry in Book 16527, Page 304. The same day, on March 7, 2003, Debtors granted a mortgage encumbering the Hyannis Property to Country Wide Home Loans, Inc. to secure payment of a line of credit in the amount of $12,700 recorded in the Registry in Book 16527, Page 321.  On December 28, 2005, the Debtors granted Citizens Bank an open-end mortgage encumbering the Marstons Mills Property to secure payment of a home equity line of credit in the amount of $200,000 recorded in the Registry in Book 20711, Page 326. On March 9, 2007, the Debtors modified the Country Wide Line of Credit Mortgage to increase the amount to $15,000 by virtue of a modification agreement to the home equity line of credit agreement and disclosure statement recorded in the Registry in Book 21876, Page 33. On July 18, 2007, Debtors granted a mortgage encumbering the Marston Mills Property to the Cape Cod Cooperative Bank [sic] to secure the payment of a guaranty of a promissory note of THB Enterprises, Inc. in the amount of $337,840 recorded in the Registry in Book 22198, Page 4.

[4] After accounting for the first mortgage held by The Cooperative Bank of Cape Cod and the Debtors' claimed exemption, there appears to be no nonexempt equity in the Marstons Mills Property.

On November 17, 2015, the Debtors submitted a "Home Equity Application" to the Bank requesting a $300,000 loan.  On December 8, 2015, the Debtors executed a mortgage, characterized in bold letters as a "Future Advance Mortgage," in favor of the Bank, which was recorded in the Barnstable County Registry of Deeds (the "Registry") in Book 29344, Page 3 (the "Mortgage") to secure a Home Equity Line Agreement in the maximum amount of $225,000.  The Home Equity Line Agreement defined the collateral as "the property you have pledged to secure your Account as evidenced by the Mortgage you have granted to Lender in connection with this Agreement.  The Mortgage secures the property located at 75 Old [sic] Homestead Dr [sic] Marstons Mills MA 02648 Barnstable." Indeed, the Mortgage, at page 2, provided that the mortgaged property has an address of "75 Old [sic] Homestead Dr [sic], Marstons Mills, Massachusetts 02648." The Mortgage incorporated a Schedule A, which referred to property described in a deed dated March 7, 2003 and recorded in Book 16527, Page 302 [the same deed reference set forth on Schedule A/B for the Hyannis Condominium], and a specific description of the Hyannis Condominium, not the Marstons Mills Property.  Schedule A to the Mortgage also contained a reference to the Oak View Condominium created by Master Deed recorded in the Registry in Book 2020, Page 251, as amended, as well as the Declaration of Trust of the Oak View Condominium recorded in the Registry in Book 2020, Page 224.[5]

---

[5] The Mortgage provides in pertinent part:

> For this purpose [securing the repayment of the Home Equity Credit Agreement] Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in Barnstable County, Massachusetts:

The Land Document Abstract for the Mortgage displays an address of "75 Old [sic]

Homestead Dr." (the "Abstract").  Counsel to the Trustee submitted an Affidavit in which

he represented the following:

> On or about August 9, 2016, I conducted a search of the grantor/grantee
> index of the records of the Barnstable County Registry of Deeds.  My search
> of those records indicated that Eastern Bank held a mortgage on the
> debtors' property designated as "UNIT 2, Barnstable", and is a reference to
> the Debtors' . . . Hyannis Condominium. . . . Such review of the
> grantor/grantee records did not reflect that Eastern Bank held a mortgage
> on the Debtors' . . .  Marstons Mills Property. . . . Thus, according to the
> grantor/grantee index, Eastern Bank holds a mortgage on the Hyannis
> Condominium, and not upon the Marstons Mills Property.

It is undisputed that the the Debtors intended to grant and the Bank

intended to obtain a mortgage on the Marstons Mills Property.

## III. POSITIONS OF THE PARTIES

A. <u>The Bank</u>

The Bank argues that the Trustee's Counterclaim lacks merit because the Trustee

is charged with constructive notice of the Mortgage which it maintains was properly

recorded, as a matter of law. While conceding that the granting clause in the body of the

Mortgage describes the Marstons Mills Property by street address and Schedule A

describes the Hyannis Condominium by metes and bounds, it insists that the Mortgage

provides a third party with at least constructive notice, if not actual notice, of the Bank's

---

As described on Schedule A

Which has the address of 75 Old [sic] Homestead Dr [sic] Marstons Mills[,]
Massachusetts 02648 . . ."

mortgage interest as to both properties.  The Bank adds that Mass. Gen. Laws. ch. 183 §
6A-6D, which set forth the recording requirements for mortgages, have been satisfied as
§ 6A relating to property descriptions, provides that an "instrument conveying
unregistered land shall be accepted for recording" when it indicates the land conveyed is
the same as described by prior recorded instruments.  It concludes that "[t]he fact
Schedule A describes the Hyannis Property when Page 2 references the Marstons Mills
street address does not render the Mortgage illegal or non-recordable.  Nor does Schedule
A describing the Hyannis Property render void the constructive notice in the granting
clause on Page 2 referencing the Marston [sic] Mills street address."

Citing Agin v.  JPMorgan Chase Bank, N.A. (In re Adams), 462 B.R. 1, 5 (Bankr. D.
Mass. 2011), the Bank contends that for purposes of 11 U.S.C. § 544(a)(3) "[a] trustee has
'constructive notice as to any information which . . . an examination of the instruments in
his chain of title would have revealed.'"  Distinguishing Collins v. JPMorgan Chase Bank,
N.A. (In re Flannery), No. 12-31023-HJB, Adv. P. No. 14-3015, 2015 WL 1755798 (D. Mass.
Bankr. Apr. 15, 2015), it argues that the Mortgage alerts a third party of a mortgage
interest in both the Marstons Mills Property and Hyannis Condominium because "[t]he
Mortgage (Page 2) provides the street address of "[sic] 75 Old [sic] Homestead Dr.,
Marstons Mills, Massachusetts 02648." Although Schedule A contains a legal description
of the Hyannis Condominium, the Bank contends that a hypothetical bona fide purchaser
or third party is placed on notice within the Mortgage itself that the encumbrance may
implicate the Marstons Mills Property and Hyannis Condominium, as, unlike in

8

Flannery, neither the Trustee nor anyone else need look beyond the four corners of the

Mortgage.

The Bank, distinguishing Perrino v. BAC Home Loan Servicing, LP (In re Trask),

462 B.R. 268, 276 (B.A.P. 1st Cir. 2011), also maintains:

> Constructive notice of the chain of title encompasses more than a passing
> glance at the grantor/grantee index. The Trustee is charged with reviewing
> the actual documents in the chain of title. Had the Trustee clicked the
> Abstract button it – in addition to the Mortgage – would have showed the
> same obvious inconsistency in the property description because it lists the
> Marstons Mills street address.

The Bank insists that Trask cannot be relied upon to diminish the significance of the

Marstons Mills street address, citing Mass. Gen. Laws ch. 183, § 6B, which provides that

all documents recorded in the registry of deeds must include the street address of the

property.  The Bank, citing Bevilacqua v. Rodriguez, 460 Mass. 762, 779 (2011), and

Demoulas v. Demoulas, 428 Mass. 555, 577 (1998), emphasizes that parties may not claim

bona fide purchaser status simply by claiming that they were "blissfully unaware" of

facts to which they closed their eyes.[6]

---

[6] In Bevilacqua, the court addressed the plaintiff's allegation that a number of
documents were recorded with the registry, which provided the book and page
number applicable to each document, but failed to provide the dates on which
recording occurred. The court took judicial notice of the fact that the registry
assigns book and page numbers to recorded instruments in a sequential manner,
citing Mass. R. Evid. § 201(b) (2011), concluding that instruments with lower book
and page numbers were recorded prior to instruments with higher book and page
numbers. 460 Mass. at 778-79.  Although the court could not be sure of the precise
date on which the foreclosure deed became a matter of public record, it determined
that it occurred after the assignment of mortgage had been recorded, meaning that
"Bevilacqua must have attempted to purchase the property from U.S. Bank (in
some capacity) either when the registry's records showed the bank to be a
complete stranger to title, when the registry's records showed the bank to be no

Finally, the Bank insists that even if this Court were to determine that the Trustee lacked constructive notice, the Court should not avoid the Mortgage but rule that the Mortgage encumbers the Hyannis Condominium.

B. <u>The Trustee</u>

The Trustee argues that the admittedly incorrect legal description of the mortgaged premises constitutes a material defect under Massachusetts law that fails to provide him with constructive notice of the Mortgage as a bona fide purchaser for value. Relying upon <u>In re Flannery</u>, 2015 WL 1755798 (D. Mass. Bankr. Apr. 15, 2015), and <u>In re Dupuis</u>, 524 B.R. 1, 4 (Bankr. D. Mass. 2015), he argues that Massachusetts law is settled such that where a mortgage contains a defective description it does not give constructive notice of the mortgage to a bona fide purchaser and, therefore, he can avoid the Mortgage. The Trustee contends that, in the present case, the reference to the street address did not provide constructive notice because, unlike in the <u>Flannery</u> case, it is not clear whether the Debtors intended to grant the Bank a mortgage on the Marstons Mills Property, particularly where the Debtors' Schedules filed under oath are consistent with the legal description of the mortgaged premises contained in the Mortgage, namely a mortgage on the Hyannis Condominium. The Trustee emphasizes that, while the Mortgage provides

---

more than an assignee of the mortgage, or when the registry's records showed that the bank conducted the foreclosure sale before receiving assignment of the mortgage." <u>Id.</u> at 779. Thus, the court stated: "[i]n none of these circumstances could we conclude that Bevilacqua is a bona fide purchaser for value and without notice that U.S. Bank's title was doubtful." <u>Id.</u> (citing <u>Demoulas v. Demoulas</u>, 428 Mass. 555, 577, 703 N.E.2d 1149 (1998) (parties may not "establish themselves as bona fide purchasers simply by claiming that they were 'blissfully unaware' of" facts to which they closed their eyes). <u>Bevilacqua v. Rodriguez</u>, 460 Mass. at 779.

that the mortgaged premises has a street address of "75 Old [sic] Homestead Dr.,

Marstons Mills, Massachusetts 02648" the only description of the mortgaged premises is

the one set forth in Schedule A - -the legal description of the Hyannis Condominium.

The Trustee acknowledges that the recordation of the Mortgage provides

constructive notice to the Trustee (and to any other person) that the Bank holds a

mortgage from the Debtors.  Nevertheless, he states: "[t]he question . . . remains - - on

what property does Eastern hold its mortgage?"  He concludes that the inclusion of an

inconsistent street address in the Mortgage does not constitute constructive notice to the

Trustee that the Bank holds a mortgage on the Marstons Mills Property, relying upon

Perrino v. BAC Home Loan Servicing, L.P. (In re Trask), 462 B.R. 268 (B.A.P. 1st Cir. 2011).

The Trustee further maintains:

> The accepted principle in Massachusetts is that where a deed or mortgage
> contains inconsistent descriptions, the more specific description controls.
> Headwall Recovery Corp. v. Ron-Randall Construction, Inc., et al., 11 LCR
> 278, 280-281Mass. Land Ct. (2003), aff'd, 66 Mass. App. Ct. 1118, 850 N.E.2d
> 1135 (2006) (the more specific description of a parcel in a mortgage controls
> where the document contains inconsistent descriptions, and, accordingly,
> an incorrect and inconsistent street address is of no consequence in
> determining the property encumbered by a mortgage); (Unistar Props.,
> LLC v. Roman Catholic Archbishop of Boston, 16 LCR 682, 685 (Mass. Land
> Ct. 2008), citing, Sheftel v. Lebel, 44 Mass. App. Ct.175, 181 n.8 (1998),
> (where deed contains inconsistent descriptions, the issue is resolved by
> reference to the accepted principle that the more certain, unequivocal and
> more particular description must control). See also, Fleming v. McCarthy,
> 1995 Mass. Super. LEXIS 829 at *9 (January 18, 1995), citing, Melvin v.
> Proprietors of Locks and Canals, 46 Mass. (5 Met.) 15, 27 (1842) (where a
> deed contains inconsistent descriptions, the more specific description
> prevails).

In addition, the Trustee cites REBA Title Standard No. 27 which provides that where a

deed contains two inconsistent descriptions of a parcel of land, the more specific will

govern.   The Trustee notes that street addresses alone may be insufficient to provide

constructive notice, particularly where they are provided by local governments and may

be subject to change.

The Trustee contends that even were inquiry notice required under Massachusetts

law for bona fide purchaser status, which is not the case, a review of the grantor/grantee

index of the Barnstable County Registry of Deeds reflects that the Bank did not hold a

mortgage on the Debtors' Marstons Mills Property; rather it held a a mortgage on the

Hyannis Condominium.

Finally, the Trustee asserts that, if this Court concludes he is entitled to avoid the

Mortgage pursuant to § 544(a)(3), he is entitled to a declaration that the avoided mortgage

is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551 ("Any

transfer avoided under section . . . 544 . . . is preserved for the benefit of the estate but

only with respect to property of the estate.").

## IV. SUMMARY JUDGMENT STANDARD

According to the United States Bankruptcy Appellate Panel of the First Circuit in

Raso v. Fahey (In re Fahey), 482 B.R. 678 (B.A.P. 1st Cir. 2012),

> "In bankruptcy, summary judgment is governed in the first instance by
> Bankruptcy Rule 7056." Desmond v. Varrasso (In re Varrasso), 37 F.3d 760,
> 762 (1st Cir. 1994); *see also* Soto–Rios v. Banco Popular de Puerto Rico, 662
> F.3d 112, 115 (1st Cir. 2011). "By its express terms, the rule incorporates into
> bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil
> Procedure." In re Varrasso, 37 F.3d at 762 (citations omitted); *see also* Soto–
> Rios v. Banco Popular de Puerto Rico, 662 F.3d at 115; Fed. R. Bankr. P. 7056;
> Fed. R. Civ. P. 56.6 "It is apodictic that summary judgment should be
> bestowed only when no genuine issue of material fact exists and the movant
> has successfully demonstrated an entitlement to judgment as a matter of
> law." In re Varrasso, 37 F.3d at 763 (citing Fed. R. Civ. P. 56(c)). "As to issues

on which the nonmovant has the burden of proof, the movant need do no more than aver an absence of evidence to support the nonmoving party's case." Id. at 763, n. 1 (citation and internal quotations omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." Id. (citations and internal quotations omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In re Fahey, 482 B.R. at 686–87.

## V. DISCUSSION

The parties are in agreement that the material facts necessary to resolve the Cross-Motions for Summary Judgment are not in dispute.  For the reasons set forth below, the Court shall enter summary judgment in favor of the Trustee.

In In re Flannery, the court succinctly set forth the applicable law under § 544(a)(3), stating:

Section 544(a)(3) grants a trustee in bankruptcy the power to avoid a lien to the same extent the lien would be unenforceable against a hypothetical bona fide purchaser for value under applicable non-bankruptcy law — [h]ere, Massachusetts law. Butner v. United States, 440 U.S. 48 (1979); Stern v. Continental Assurance Co. (In re Ryan), 80 B.R. 264 (D. Mass. 1987). Since, pursuant to § 544(a), the Trustee cannot be charged with actual notice, and because Massachusetts does not impose inquiry notice upon bona fide purchasers, see Baldiga v. Golemo (In re Golemo), 494 B.R. 588, 593–94 (Bankr.D.Mass.2013); Dwyer v. Rockland Trust Company (In re Mammola), 474 B.R. 23, 31 (Bankr. D. Mass. 2012); Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.), 172 B.R. 159, 163 (Bankr. D. Mass.1994), the only question is whether the state of the record was sufficient on the Petition Date to give constructive notice . . . .

In re Flannery, 2015 WL 1755798, at *3 (footnote omitted).  See also Baldiga v. Golemo (In re Golemo), 494 B.R. 588, 592 (Bankr. D. Mass. 2013)("while § 544(a)(3) liberally grants

the Trustee bona fide purchaser status "without regard to any knowledge" . . . it does

not 'give the [T]rustee any greater rights than he, or any person, would have as a bona

fide purchaser or lien creditor under applicable state law.' . . . Nor does it 'override state

recording statutes or permit avoidance of any interest of which a trustee would have had

constructive notice under state law.'").  In <u>Stern v. Cont'l Assurance Co. (In re Ryan)</u>, 851

F.2d 502 (1st Cir. 1998), the United States Court of Appeals for the First Circuit elaborated

on the forms of notice, stating:

> It would seem that one might properly be said to have actual notice when
> he has information in regard to a fact, or information as to circumstances an
> investigation of which would lead him to information of such fact, while he
> might be said to have constructive notice when he is charged with notice by
> a statute or rule of law, irrespective of any information which he might
> have, actual notice thus involving a mental operation on the person sought
> to be charged, and constructive notice being independent of any mental
> operation on his part. . . . Constructive notice is an essential element of the
> land recording system: if a deed is properly recorded, all future purchasers
> have constructive knowledge of the deed.

<u>Id.</u> at 507 (citations omitted).  *See also* <u>Perrino v. BAC Home Loan Servicing L.P. (In re</u>

<u>Trask)</u>, 462 B.R. 268, 275 (B.A.P. 1st Cir. 2011).

The debtors in <u>Flannery</u> owned two lots: a House Lot and a Side Lot.  The case

involved a home equity line of credit ("HELOC") Mortgage which referred only to the

book and page numbers of the Side Lot Deed, did not contain a description of the House

Lot which was intended to secure the HELOC, and did not refer to the book and page

numbers of the House Lot Deed.  <u>Id.</u> at *1.  The court, in denying a motion to dismiss,

observed:

> "It is settled Massachusetts law that where a mortgage is not timely
> recorded or contains a defective description so as to not give constructive

<center>14</center>

notice of the mortgage to a bona fide purchaser, the mortgage can be
avoided by that purchaser of the property." <u>In re Dupuis</u>, 524 B.R. 1, 4
(Bankr. D. Mass. 2015). As such, the Trustee has alleged facts sufficient to
state a plausible claim that the HELOC Mortgage is avoidable as to the
House Lot, since both the HELOC Mortgage and the Amendment lack any
description of the House Lot as the encumbered property.

<u>In re Flannery</u>, 2016 WL 1755798, at *3.  The court in <u>Dupuis</u>, a case upon which the court

in <u>Flannery</u> relied, cited Mass. Gen. Laws ch. 183, § 4 which provides in pertinent part the

following:

A conveyance of an estate in fee simple, fee tail . . . shall not be valid as
against any person, except the grantor or lessor, his heirs and devisees and
persons having actual notice of it, unless it, . . . is recorded in the registry
of deeds for the county or district in which the land to which it relates lies.

<u>Id.</u> Thus, the Mortgage in this case is recorded and is listed as an encumbrance on the

Hyannis Condominium; the Mortgage is outside the chain of title for the Marstons Mills

Property, particularly where the deed reference set forth on Exhibit A is to the Hyannis

Condominium. *See also* <u>Headwall Recovery Corp. v. Adams Building Corp.</u>, 66 Mass

App. Ct. 1118, 2006 WL 2034264, at *3 (Mass. App. Ct.  July 20, 2006)("the specific

property descriptions within the . . . mortgages, together with the title references in both

to the corresponding deeds of conveyance, were free from ambiguity, notwithstanding

their incorrect addresses, which the judge stated were of no legal effect").

Provisions of ch. 183 support that view that the Trustee lacked constructive notice

that the Mortgage was intended to encumber the Marstons Mills Property.  Section 6 of

ch. 183 provides:

Every deed presented for record shall contain or have endorsed upon it the
full name, residence and post office address of the grantee and a recital of
the amount of the full consideration thereof in dollars or the nature of the

other consideration therefor, if not delivered for a specific monetary sum. . . . All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section.

Mass. Gen. Laws Ann. ch. 183, § 6. *See also* Mass. Gen. Laws ch. 183, § 6B ("All documents to be recorded in the land court or registry of deeds shall, where applicable, set forth in the margin the street address of the property which is affected by such document; provided, however, that failure to include such address shall not affect the validity of the document or the recording thereof."). Thus, although a street address is required, its absence does not affect the validity of the deed. Id. Section 6A of Mass. Gen. Laws ch. 183 provides:

No instrument conveying unregistered land shall be accepted for recording unless (a) the instrument indicates that the land conveyed is the same as described in or conveyed by prior recorded instruments identified sufficiently to locate the place of recording within the registry, or states that the instrument does not create any new boundaries, or (b) the instrument identifies the land conveyed either by reference to a plan or plans previously recorded in the same registry of deeds and identified sufficiently to locate the place of recording therein, or by reference to a plan or plans recorded with the conveyance. Failure to comply with this section shall not affect the validity of any instrument.

Mass. Gen. Laws Ann. ch. 183, § 6A. Exhibit A to the Mortgage references the deed dated March 7, 2003 through which the Debtors obtained an ownership interest in the Hyannis Condominium.   According to leading commentators,

The prevailing municipal practice is to assign street numbers to lots on public and private ways once a building has been erected on the lot. These numbers are helpful in identifying properties (especially in purchase and sale agreements), but they are not a substitute for a complete description. However, the property address is now required and must be set forth in the margin of the deed.

16

Arthur L. Eno, Ira, William V. Hovey, Michael Pill, 28 Mass. Prac., Real Estate Law § 4.25

(4th ed.).

The decision in <u>Fleming v. McCarthy</u>, No. 94-0691, 1995 WL 808620 (Mass. Super.

Ct. Jan. 18, 1995), provides guidance as to ambiguous property descriptions.  In <u>Fleming</u>,

the court stated:

> The rules of construction regarding deed descriptions are well settled.
> Where a deed precisely fixes the location of all boundaries, parol evidence
> is not admissible to contradict the description. <u>Olson v. Keith</u>, 162 Mass.
> 485, 491 (1895); <u>Stowell v. Buswell</u>, 135 Mass. 340, 346-47 (1883); <u>Cook v.
> Babcock</u>, 61 Mass. (7 Cush.) 526, 528 (1851). Where a description is
> ambiguous, parol evidence, including the practical construction given by
> the parties, is admissible to show the parties' intent. <u>Melis v. Provincetown
> Golf Range, Inc.</u>, 359 Mass. 766, 766 (1971); <u>Inhabitants of Cambridge v.
> Inhabitants of Lexington</u>, 34 Mass. (17 Pick.) 222, 224 (1835); <u>Stone v. Clark</u>,
> 42 Mass. (1 Met.) 378, 380 (1840); *see* <u>Jones v. Gingras</u>, 3 Mass. App. Ct. 393,
> 397 (1975) (parol evidence of construction given to deeds admissible where
> latent ambiguity arose). A number of analytical principles have evolved
> from the courts' efforts at resolving ambiguous property descriptions.
> Where a deed contains inconsistent descriptions, the more specific
> description prevails. <u>Melvin v. Proprietors of Locks & Canals</u>, 46 Mass. (5
> Met.) 15, 27 (1842). Monuments stated in a deed control over courses and
> bearings and distance and area. <u>Hall v. Eaton</u>, 139 Mass. 217, 221 (1885);
> <u>Powell v. Clark</u>, 5 Mass. 355, 356 (1809). Descriptions referring to a
> boundary of another's land and fixed locations are monuments. <u>Fulgenitti
> v. Cariddi</u>, 292 Mass. 321, 327 (1935); <u>Stefanik v. Fortona</u>, 222 Mass. 83, 85
> (1915). Where property is described as bounding on another's land, the
> property extends to the abutting property owner's actual boundary, even if
> that is not the boundary the parties understood it to be at the time of the
> grant and even if the neighbor's boundary changes by virtue of adverse
> possession. <u>Percival v. Chase</u>, 182 Mass. 371, 378 (1903); <u>Cornell v. Jackson</u>,
> 50 Mass. (9 Met.) 150, 154 (1845); <u>Crosby v. Parker</u>, 4 Mass. 110, 113 (1808).
> Reference to a plan, or the recording of a plan, shortly after recording a deed
> is deemed to incorporate the plan and the plan will control, if inconsistent
> with the deed. <u>Magoun v. Lapham</u>, 38 Mass. (21 Pick.) 135, 138 (1838); <u>Davis
> v. Rainsford</u>, 17 Mass. 207, 211 (1821). These are merely rules of
> construction, however, and will not be followed if the result would be
> plainly inconsistent with the parties' intent. <u>Morse v. Kelly</u>, 305 Mass. 504,

507 (1940); Holmes v. Barrett, 269 Mass. 497, 500 (1929).  Where a deed is
susceptible of more than one interpretation, a deed should be construed
most strongly against the grantor and in favor of the grantee. Moran v.
Somes, 154 Mass. 200, 202 (1891).

Fleming v. McCarthy, 1995 WL 808620, at *3.  In the instant case, the legal description set

forth in Exhibit A precisely fixed the location of all boundaries.  It also contained a

reference to a recorded plan, such that the plan would be deemed to control.  Id.

Neither this Court nor the parties were able to find a decision interpreting

Massachusetts law directly on point.  In Bank of N.Y. v. Sheeley, No. 3:13-cv-136, 2014

WL 1233094 (S.D. Ohio March 25, 2014), however, the United States District Court for the

Southern District of Ohio affirmed the bankruptcy court's decision "that the street

address on the mortgage, when it conflicts with a more specific legal description

incorporated by reference in the mortgage, fails to provide constructive notice to a bona

fide purchaser of the encumbrance."  2014 WL 1233094, at *8.  Specifically in Sheeley, the

street address set forth on the mortgage was the correct street address for a parcel of land

comprising the debtors' residence, but Exhibit A attached to the mortgage contained the

metes and bounds legal description of a vacant parcel, and not the metes and bounds

legal description of the residential parcel. Id. 2014 WL 1233094, at *2.[7]  Moreover, the

---

[7] The granting clause of the mortgage, according to the court, set forth the
following:

> Borrower does hereby mortgage, grant and convey to MERS (solely as
> nominee for Lender and Lender's successors and assigns) and to the
> successors and assigns of MERS the following described property located
> in the County of Clinton:

debtors admitted that they intended the mortgage to serve as a lien against the residence

and the loan proceeds from the transaction were used to pay off a prior mortgage.

The district court analyzed § 544(a)(3), and addressed, as its first issue, whether

the trustee had constructive notice of the mortgage on the residential parcel in view of

the strong-arm clause, which allows a trustee to "avoid any transfer of real property that

would have been unenforceable against a bona fide purchaser of the property at the time

a bankruptcy petition was filed." Sheeley, 2014 WL 1233094, at *4.   The district court

noted:

> "[A] bona fide purchaser for value is bound by an encumbrance upon land
> only if he has constructive or actual knowledge of the encumbrance." Tiller
> v. Hinton, 19 Ohio St.3d 66, 68, 482 N.E.2d 946 (Ohio 1985). "Because the
> Bankruptcy Code provides that a bankruptcy trustee is a bona fide
> purchaser regardless of actual knowledge, constructive knowledge is the
> only relevant inquiry in the context of an avoidance action under Section
> 544(a)(3) of the Bankruptcy Code."

Sheeley, 2014 WL 1233094, at *4 (citing Field v. Ocwen Loan Servicing, LLC, (In re

Schlabach), 490 B.R. 555, 560 (Bankr. S.D. Ohio 2012), and Simon v. Chase Manhattan

Bank (In re Zaptocky), 250 F.3d 1020, 1027 (6th Cir. 2001)).   The district court noted that

"[c]onstructive notice' has been defined as knowledge of circumstances which ought to

have excited apprehension and inquiry in the mind of a prudent and reasonable

[person]." Sheeley, 2014 WL 1233094, at *4 (internal quotations and citation omitted).   "A

---

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: [left blank] which currently has the address of 2292
OGDEN RD, WILMINGTON, Ohio 45177–7184 ("Property Address") . . .

Sheeley, 2014 WL 1233094, at *1.

19

person with actual notice of circumstances sufficient to put a prudent person on inquiry

as to a particular fact is deemed to have constructive notice of the fact itself in all cases in

which that person might have learned the fact with a reasonable inquiry." Id. (citations

omitted).  Distinguishing, among other cases, Argent Mortg. Co., LLC v. Drown (In re

Bunn), 578 F.3d 487 (6th Cir. 2009) (where the street address alone was a sufficient

description for a mortgage under Ohio law and there was no legal description, there was

no conflicting information anywhere in the mortgage regarding the property

encumbered), and relying upon Stubbins v. Am. Gen. Fin. Services, Inc. (In re Easter), 367

B.R. 608 (Bankr. S.D. Ohio 2007),[8] the district court concluded that the trustee did not

have constructive notice of the mortgage.  It stated:

---

[8] According to the court in Sheeley,

> In Easter, debtors acquired .553 acres of land by a recorded survivorship
> deed. In re Easter, 367 B.R. at 611. The deed contained a legal description of
> the land conveyed and specifically excluded two small parcels within the
> .553 acres from the conveyance. Id. Subsequently, debtors granted a
> mortgage that set forth the correct street address and parcel identification
> number of the property debtors intended to encumber. Id. However, the
> mortgage contained the wrong legal description of the property, i.e., the
> legal description set forth the description of the property that was
> specifically excluded from the conveyance to debtors. Id. The court there
> held that "[i]nsisting that a purchaser cross-check all pieces of information
> included on the Mortgage, when it contains a detailed, specific legal
> description in which there is no ambiguity, places an unreasonable burden
> on the purchaser." Id. at 614. Accordingly, the court concluded "that [the]
> street address and parcel number in the Mortgage did not put the Trustee
> on notice of a potential encumbrance such that he lost his status as a bona
> fide purchaser." Id.

Bank of N.Y. v. Sheeley, 2014 WL 1233094, at *5.

> The attachment to the mortgage in this case contains no ambiguity; it describes the Vacant Parcel only. The mortgage does list the street address for the Residence Parcel. However, as held in Easter, "[i]nsisting that a purchaser cross-check all pieces of information included on the Mortgage, when it contains a detailed, specific legal description in which there is no ambiguity, places an unreasonable burden on the purchaser." In re Easter, 367 B.R. at 614. Because the mortgage at issue in Bunn contained no specific legal description conflicting with the street address of the property stated on the mortgage, the Court finds Bunn distinguishable from, not only the facts herein, but from the circumstances in Easter. Therefore, Bunn does not bind the Court in this case.

Sheeley, 2014 WL 1233094, at *7. *Cf.* Headwall Recovery Corp. v. Adams Building Corp., 66 Mass. App. Ct. 1118, 2006 WL 2034264, at *3 (Mass. App. Ct.  July 20, 2006).

The Court finds that decision in Sheeley to be both persuasive and dispositive of with respect to allowance of the Trustee's Cross-Motion for Summary Judgment.  The Court's conclusion is buttressed by the decision in Perrino v. BAC Home Loans Servicing L.P. (In re Trask), 462 B.R. 268 (B.A.P. 1st Cir. 2011).  In that case, which was decided under Maine law, the debtors were record owners of an unimproved sixteen-acre lot in a subdivision known as "Lot # 6, James R. Greene Subdivision, Map File 10, Page 224" ("Lot # 6"), and also record owners of an abutting 1.74–acre lot on which their residence was located.  They decided to refinance their first mortgage on their residence (the "Old Mortgage") with Home Loan Center, Inc. ("Home Loan"). Through the refinancing, the previous mortgage loan was paid and the Old Mortgage was discharged. In one of two mortgage loans related to the refinancing, the debtors executed and delivered to Home Loan a promissory note to secure the new note.  In doing so, they executed and delivered, inter alia, a mortgage (the "New Mortgage") to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Home Loan. The promissory note and the New

Mortgage were subsequently assigned to BAC.  Although the Old Mortgage described

the intended collateral as the residence, the New Mortgage erroneously employed the

description for Lot # 6 - - the converse of what transpired in the instant case.  It is

undisputed that both the debtors and BAC's predecessor, Home Loan, intended the

mortgaged property to be the residence.  In re Trask, 462 B.R. at 271-72.  The court ruled

as follows:

> First, we conclude that the use of the same street address to describe two
> abutting parcels would not be sufficient to constitute inquiry notice. There
> was nothing in the New Mortgage that would have directed a judicial lien
> creditor or bona fide purchaser to any inquiry. What appeared of record
> was a description of property to which a street address was assigned.  Street
> addresses are provided by local government, not title examiners, and may
> very well be combined for separate but adjoining parcels. And one of those
> parcels may be encumbered without changing the street address of the
> others. Consequently, it would not necessarily be apparent to a diligent title
> searcher that because the property description of Lot # 6 used the same
> street address as the House, that description was in any way suspect.

> Second, and here more important, there is nothing in the record that
> supports BAC's assertion that the Old Mortgage and the New Mortgage do,
> in fact, contain the same street address. Neither party included in the record
> copies of the Old Mortgage to demonstrate that the street address was the
> same as the New Mortgage, and the parties did not stipulate to any facts
> from which the trial court (or we) could rely in reaching that conclusion. . .

Id.

## VI. CONCLUSION

In view of the authorities cited above, the Court shall enter an order denying the

Bank's Cross-Motion for Summary Judgment and granting the Chapter 7 Trustee's Cross-

Motion for Summary Judgment with respect to both counts of his two-count

Counterclaim, thereby avoiding and preserving the Mortgage for the benefit of the

bankruptcy estate pursuant to 11 U.S.C. §§ 544(a)(3) and 551.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated:  January 4, 2017